**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ALETHA L. CLINCY,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　**Case No.  6:07-cv-226-Orl-28DAB**

**OCÉ NORTH AMERICA, INC., ANDREW GROSS,**

        **Defendants.**
_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**　**MOTION TO REMAND (Doc. No. 4)**
>
> **FILED:**　　**March 2, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.
>
> **MOTION:**　**MOTION TO AMEND /CORRECT COMPLAINT (Doc. No. 6)**
>
> **FILED:**　　**March 2, 2007**
> _____
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

*INTRODUCTION*

The instant motions present intriguing questions of federal jurisdiction, joinder and the appropriate exercise of judicial discretion. For the reasons set forth herein and aided by the excellent briefs of counsel, the Court **respectfully recommends** that the case be **remanded** to state court, due to a lack of subject matter jurisdiction.

A detailed procedural history is essential. On December 27, 2006, Plaintiff filed a civil rights action against her ex-employer Océ North America, Inc. ("Océ") and Andrew Gross, her direct supervisor and alleged perpetrator of the asserted sexual and racial harassment. Both Plaintiff and Gross are alleged to be residents of Florida. The Complaint alleges race discrimination in violation of Florida's Civil Rights Act, Chapter 760, Florida Statutes ("the FCRA") (Count I); racial harassment and hostile work environment in violation of the FCRA (Count II); and discrimination based on sex in violation of the FCRA (Count III). Defendant Océ promptly filed its Notice of Removal, contending that removal is proper based on diversity jurisdiction of the only two appropriate parties: Plaintiff and her ex-employer, Océ. (Doc. No. 1). In the Notice, Océ contends that Gross is not a proper party defendant under the FCRA, and thus, his citizenship is irrelevant for diversity purposes. Alternatively, Océ contends that Gross was fraudulently joined to defeat diversity.

Shortly after the removal, Plaintiff filed the instant motion to remand and the motion to amend the Complaint, seeking to remove Gross as defendant under the FCRA but *adding* a count against Gross for intentional infliction of emotional distress. If allowed, contends Plaintiff, such amendment compels remand. Defendant contends that amendment is futile, as Plaintiff cannot state a claim for intentional infliction of emotional distress in this context. The matter has been fully briefed, and is now at issue.

### *ISSUES AND ANALYSIS*

Federal court removal is governed by 28 U.S.C. § 1441, which provides in pertinent part that "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending." A defendant desiring to remove a civil action must file a notice of removal, together with all process, pleadings, and orders served upon the defendant in the appropriate United States District Court. 28 U.S.C. § 1446(a). The removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove. *Williams v. Best Buy Company, Inc.* 269 F.3d 1316, 1319 (11th Cir. 2001). When the defendant fails to do so, the case must be remanded. *Williams*, 269 F.3d at 1321.

A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties. *Williams*, 269 F.3d at 1319, *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). "Diversity jurisdiction, as a general rule, requires complete diversity--every plaintiff must be diverse from every defendant." *Palmer v. Hosp. Auth. of Randolph County*, 22 F.3d 1559, 1564 (11th Cir.1994). Here, of course, Plaintiff has alleged that co-Defendant Gross is a Florida resident and therefore, not diverse. Océ contends, however, that Gross was fraudulently joined and that diversity exists among the only proper parties to this dispute: Plaintiff and Océ.

Fraudulent joinder "is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota*, 154 F.3d 1284, 1287 (11th Cir.1998). The Eleventh Circuit has found fraudulent joinder where (1) "there is no possibility that

the plaintiff can prove a cause of action against the resident (non-diverse) defendant," (2) "there is outright fraud in the plaintiff's pleading of jurisdictional facts," or (3) "a diverse defendant is joined with a nondiverse defendant as to whom there is no joint, several or alternative liability and where the claim against the diverse defendant has no real connection to the claim against the nondiverse defendant." *Id.* (internal citations omitted). "Under all of these scenarios, the removing party bears the 'heavy burden' of demonstrating by clear and convincing evidence that the joinder of a non-diverse party was fraudulent." *Meigs v. CSX Transportation, Inc.,* 2005 WL 3359716 at 1 (M.D. Ala. 2005) *citing Cabalceta v. Standard Fruit Co.*, 883 F.2d 1553, 1561 (11th Cir. 1989).

There is no suggestion of fraud in the pleading of jurisdictional facts and the claim against the supervisor allegedly arose out of the same facts as the claim against the employer, and thus the claims are not unrelated. Océ must therefore show, if at all, that there is *no possibility* that Plaintiff can prevail on her claim against Gross, in order to establish fraudulent joinder. This standard is high. The Eleventh Circuit has noted:

> Even if a named defendant is such a [non-diverse] citizen, however, it is appropriate for a federal court to dismiss such a defendant and retain diversity jurisdiction if the complaint shows there is no possibility that the plaintiff can establish any cause of action against that defendant. If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court. The plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate.

*Tillman v. R.J. Reynolds Tobacco*, 253 F.3d 1302, 1305 (11th Cir. 2001) (citations and quotations omitted).

Thus, at issue is whether Océ has demonstrated, by clear and convincing evidence, that there is no possibility that Plaintiff can establish any cause of action against Gross.[1] This Court finds that Océ has not met its burden.

Plaintiff appears to acknowledge that she has no valid claim against Gross under the FCRA, but she seeks to amend her complaint to add a state law tort claim against him. As acknowledged by Océ in its papers:

> [D]istrict courts must give even greater scrutiny to a motion for leave to amend where a proposed amendment will serve to destroy diversity jurisdiction. *Hauser v. Medtronic USA, Inc*., 2006 U.S. Dist. LEXIS 49933 (M.D. Fla. 2006) (addressing an amendment seeking to add an additional non-diverse defendant). Where a plaintiff seeks to add a non-divers[e] defendant in such cases, district courts will consider factors such as "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for the amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." *Id*. The decision to grant or deny a post-removal motion to amend a complaint which would destroy the subject matter jurisdiction of the federal court is discretionary. *Norman v. Family Dollar Stores*, 2006 U.S. Dist. LEXIS 93284 (M.D. Ala. 2006).

(Doc. No. 10 at 4).

Applying this principle, the Court notes that Plaintiff is *not* seeking to add a non-diverse defendant: Gross has been a Defendant since the inception of the lawsuit. Moreover, considering that Gross was the main actor in the alleged discrimination, and therefore no stranger to Plaintiff's claim, there is no support for the contention that he is included in the lawsuit merely to defeat federal jurisdiction. Plaintiff has not been dilatory in seeking to amend, has not abused the privilege and,

---

[1] Note that this inquiry is not limited solely to whether Plaintiff has a cause of action for intentional infliction of emotional distress. *See Tillman v. R.J. Reynolds Tobacco,* 340 F. 3d 1277 (11th Cir. 2003), quoting the question certified to the Alabama Supreme Court as "Whether there is any potential cause of action under any theory against any retail defendants including those that employ pharmacists who sell cigarettes for claims brought under the Alabama Extended Manufacturer's Liability Doctrine, or premised on negligence, wantonness, or civil conspiracy under Alabama Law." Noting "potential state law claims", the court remanded the case to district court with instructions to remand to state court. *Id.*

considering the extreme nature of the allegations against Gross[2] coupled with a state agency finding of cause (which noted that Gross was the subject of several prior complaints to Océ by other women), the equities are in favor of allowing Plaintiff an opportunity to amend her complaint to assert (if she can) a tort claim directly against Gross.  Having concluded that Plaintiff should generally be allowed to amend, the Court now turns to whether, as contended by Océ, amendment should be denied, as futile.

The proposed Amended Complaint seeks to add a count for intentional infliction of emotional distress.  As Florida's Fourth District Court of Appeal recently observed:

> To successfully state a cause of action for intentional infliction of emotional distress, the plaintiff must plead "conduct 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.' " *Allen v. Walker*, 810 So.2d 1090, 1091 (Fla. 4th DCA 2002) (quoting *Metro. Life Ins. Co. v. McCarson*, 467 So.2d 277, 278-79 (Fla.1985) (quoting Restatement (Second) of Torts § 46 (1965))).  "Whether alleged conduct is outrageous enough to support a claim of intentional infliction of emotional distress is a matter of law, not a question of fact." *Computer Gandy v. Trans World Tech. Group*, 787 So.2d 116, 119 (Fla. 2d DCA 2001) (citing *Ponton v. Scarfone,* 468 So.2d 1009 (Fla. 2d DCA 1985)).

*Rapp v. Jews for Jesus, Inc.*, 944 So.2d 460, 466-67 (Fla. 4th DCA 2006).  As recognized recently by Chief Judge Fawsett, there are cases, albeit rare, where courts have permitted claims for intentional infliction of emotional distress in a work environment:

> For example in *Vernon v. Med. Mgmt. Assocs. of Margate, Inc.*, 912 F.Supp. 1549, 1561 (S.D. Fla.1996), the trial court in the Southern District of Florida found that the

---

[2]In her proposed Amended Complaint, Plaintiff alleges that, among other things, Gross called her into his office and showed her a video of a large black woman rubbing all over her nude body; Gross regularly used the word "nigger"; Gross showed her an online news article about a Ku Klux Klan cross burning; Gross instructed Plaintiff, in front of her co-workers, to go to Church's Fired Chicken and bring him back "some dark meat"; Gross subjected Plaintiff to sexually explicit jokes, and pornographic images; Gross rubbed his crotch while looking at images of women and said "I'd do her"; Plaintiff was subjected to sexually explicit emails from Gross, and to Gross's repeated statements that he "could do" numerous women.  Doc. No. 7-2 at Allegation 34.

>
> employee's alleged action of repeatedly touching, squeezing, fondling, hugging, blowing, and tickling the plaintiff along with the repetition of lewd and vulgar sexual remarks precluded the dismissal of plaintiff's complaint at the motion to dismiss stage. Similarly, in *Stockett v. Tolin*, 791 F.Supp. 1536, 1556 (S.D. Fla.1992), the trial court in the Southern District of Florida found that the plaintiff was entitled to compensatory damages for intentional infliction of emotional distress where the plaintiff was pinned against the wall, refused to allow to escape, and physically attacked on a weekly basis. In *Johnson v. Thigpen*, 788 So.2d 410, 414 (Fla. 1st DCA 2001), the First District Court of Appeal found that the defendant's use of sexually explicit, demeaning, and vulgar language coupled with evidence of inappropriate, unwelcomed physical contact was outrageous conduct under Florida law. Thus, Florida courts have found defendant employers liable for intentional infliction of emotional distress in an employment context. * * *

*Latson v. Hartford Ins*. 2006 WL 485097, *3  (M.D. Fla., 2006).

In the Proposed Amended Complaint, Plaintiff avers that she "was subjected to intentional infliction of emotional distress by her supervisor, GROSS while employed at OCÉ." (Allegation 33). She then avers that the intentional infliction of emotional distress consisted of "*inter alia*" numerous acts of sexual and racial harassment. *Supra* at footnote 2.  Based solely on the Proposed Amended Complaint, it is perhaps more likely than not that the conduct described by Plaintiff and attributed to Gross, while reprehensible, will ultimately not be found sufficient to state a cause of action for intentional infliction of emotional distress under Florida law.  That, however, is not the standard. The standard, as set forth above, is whether, construing all inferences in Plaintiff's favor, this Court finds that there is *no possibility* that a state court would find that the complaint states a cause of action against the resident defendant.  *See Marion v. General American Life Ins. Co.,* 2006 WL 3544819, *2 (M.D. Fla. 2006) ( "[A]fter drawing all reasonable inferences from the record in the plaintiff's favor and then resolving all contested issues of fact in favor of the plaintiff, there need only be a reasonable basis for predicting that the state law *might* impose liability on the facts involved", *citing*

*Crowe v. Coleman*, 113 F.3d 1536, 1541-42 (11th Cir.1997) (citation and quotation omitted) (emphasis in original).)

In view of the fact that state and federal courts *have* found that a cause of action was stated in similar contexts, and bearing in mind that Plaintiff pled her allegations "inter alia," the Court cannot conclude that there is no possibility that Plaintiff can establish any cause of action against Gross. As such, the joinder is legitimate and the Court should remand the case to state court based on the absence of diversity jurisdiction. It is so **recommended.**

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on April 13, 2007.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy